UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES SMITH, | Case No. 13-12051 |
| Plaintiff, | HONORABLE ARTHUR J. TARNOW |
| v. | SENIOR U.S. DISTRICT JUDGE JUDGE |
| WILLIAM REVELY, ET AL., | MAGISTRATE JUDGE MICHAEL J. HLUCHANIUK |
| Defendants. | |
| _____/ | |

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [11]

### I. Introduction

Before the Court is Defendant Bank of America, N.A.'s Motion to Dismiss [11], filed on June 3, 2013. Plaintiff Charles Smith filed his Response [12] on June 20, 2013.

For the reasons stated below, Defendant's Motion to Dismiss [11] is **GRANTED**.

### II. Factual and Procedural Background

On October 24, 2005, Defendant William Revely obtained a $293,250 loan from Long Beach Mortgage Company[1] to refinance a loan made in connection with the property now at issue. On December 31, 2008, Long Beach assigned the mortgage to LaSalle Bank, N.A. ("LaSalle") as trustee for WaMu Mortgage Pass-Through

---

[1] Long Beach is not a party to this matter.

Certificates Series 2006-HE1 Trust ("WaMu"). Defendant Bank of America, N.A. ("BANA") later acquired an interest in the mortgage as successor by merger to LaSalle.

Defendant Revely defaulted on the mortgage's payment obligations, and foreclosure through advertisement proceedings commenced per the terms of the mortgage. On May 20, 2009, a Sheriff's Sale was held on the property. As the highest bidder, Defendant BANA received a Sheriff's Deed on the mortgage foreclosure. Under the Sheriff's Deed, the six-month statutory redemption period expired on November 20, 2009. Neither Defendant Revely nor Plaintiff Smith redeemed the property within this date. Rather, Defendant Revely filed a lawsuit on November 30, 2009 in Wayne County Circuit Court against Defendant BANA and an additional non-party bank, in an attempt to void the Sheriff's Sale. The lawsuit was dismissed on July 1, 2011, and Defendant Revely's appeal was dismissed on August 23, 2011.

On or about January 13, 2010, Defendant BANA initiated eviction proceedings. On November 3, 2010, the Eviction Court held that Defendant BANA was entitled to possession of the property. Defendant Revely's November 16, 2010 appeal of the Eviction Court's holding was dismissed as untimely on November 22, 2010. Despite the Eviction Court's ruling, Defendant Revely remained on the property and Defendant BANA filed another motion with the court seeking an order of eviction on December 20, 2011. However, the proceedings were stayed after Revely filed a

2

bankruptcy action.

After this bankruptcy action was dismissed, Defendant BANA sought to open the stayed eviction motion on May 16, 2012, and a hearing was scheduled for June 4, 2012. However, the hearing was adjourned after Revely filed another lawsuit in Wayne County Circuit Court on May 11, 2012, seeking quiet title on the property. On September 19, 2012, the court dismissed Revely's lawsuit based on res judicata, and issued an injunction against any further lawsuits relating to the property without first obtaining leave of the court. Defendant Revely's appeal of this order was dismissed on December 5, 2012.

Further, Defendant BANA twice attempted to lock Revely out of the property–on November 9, 2012 and March 22, 2012–to no avail, and a third writ permitting a lock out was issued by the Eviction Court on May 10, 2013. Between the first and second lock out attempts, Plaintiff approached Revely, a friend of the family, in an attempt to purchase the property. However, Revely was uninterested in selling the property. Plaintiff instead agreed to move into the property on March 23, 2013 subject to a lease agreement signed on March 15, 2013. The terms of the lease included $850 monthly rent, and a $2,125 security deposit.

While Plaintiff was moving into the property on March 23, 2013, a BANA representative arrived to change the property's locks. After a conversation with both the representative and a neighbor, Plaintiff discovered that the property had been

3

foreclosed upon and Revely had been evicted. Plaintiff attempted to contact Defendant BANA to purchase the property outright without success. Plaintiff alleges that he was unable to access any information regarding the property because Defendant BANA would not give information to a party unrelated to the transaction. As such, Plaintiff turned to this Court to resolve the issue.

Defendant BANA filed Notice of Removal [1] on May 8, 2013, and the instant Motion to Dismiss Plaintiff's Complaint [11] on June 3, 2013. Plaintiff filed his Response [12] to BANA's Motion to Dismiss [11] on June 20, 2013, and Defendant BANA filed a Reply [19] on July 1, 2013.

### III. Standard of Review

In a motion to dismiss, "the Plaintiff's well-pleaded factual allegations are taken as true, and reasonable inferences must be drawn in the Plaintiff's favour." *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990). However, a court need not accept as true legal conclusions or draw unwarranted factual inferences. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). Further, Plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The Plaintiff's factual allegations must do more than demonstrate a "sheer possibility that a defendant has acted unlawfully." *Id.*

## IV. Discussion

*A. Proper Removal and Subject-Matter Jurisdiction*

As a preliminary matter, Plaintiff argues that this Court does not have proper subject-matter jurisdiction over this case. On or about March 26, 2013, Plaintiff filed this action in the Wayne County Circuit Court. The summons and complaint were mailed to Defendant BANA on April 10, 2013. Defendant BANA filed the Notice of Removal [1] before this Court on May 8, 2013. Therefore, removal was timely under 28 U.S.C. § 1446.

Plaintiff specifically argues that Defendant BANA improperly failed to join Defendant Revely in the Notice of Removal [1], and had Defendant Revely been joined, this Court would not have diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. However, Defendant Revely was served on June 23, 2013, well after Defendant BANA filed the Notice of Removal [1]. Therefore, Defendant BANA was permitted to removal the action without Defendant Revely's consent. 28 U.S.C. § 1446(b)(2)(A). Moreover, this Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331, as Plaintiff makes a claim under the Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5201.

*B. Quiet Title*

Defendant BANA's Motion to Dismiss [11] asserts that Plaintiff's quiet title claim should be dismissed because Plaintiff cannot establish a prima facie case of title.

Because Plaintiff has conceded that it cannot establish a prima facie case of quiet title, Defendant's Motion to Dismiss [11] is granted as to this claim.

### C. Declaratory Relief

Next, Defendant BANA's Motion to Dismiss [11] asserts that Plaintiff's claim for declaratory relief under the Protecting Tenants at Foreclosure Act of 2009 ("PTFA") should be dismissed as a matter of law.

The Sixth Circuit Court has recently held that the PTFA "does not provide an express or implied private right of action." *Mik v. Fed. Home Loan Mortg. Corp.*, 2014 U.S. App. LEXIS 2332, at *20 (6th Cir. Ky. Feb. 7, 2014). The Sixth Circuit Court also held that violations of the PFTA may be used to establish a state law cause of action. *Id.* at *36-40. However, in its complaint, Plaintiff simply seeks declaratory relief pursuant to the PFTA. As such, Plaintiff has failed to state a claim upon which relief may be granted. Therefore, Defendant's Motion to Dismiss [11] is also granted as to this claim.

### D. Specific Performance

Next, Defendant BANA's Motion to Dismiss [11] argues that Plaintiff's specific performance claim must be dismissed because specific performance is a remedy, not a cause of action, and because there is no evidence of contract between Plaintiff and Defendant BANA.

"Specific performance is inappropriate where continuous or long-term judicial supervision would be required, the terms of the contract are not sufficiently certain, or the party requesting specific performance may, through the exercise of discretion, terminate the contract." *Lowes Home Ctrs. v. LL&127, LLC*, 147 Fed. Appx. 516, 524 (6th Cir. 2005)(internal citations omitted).

In support of its request for specific performance, Plaintiff argues that because he entered into a lease agreement with Defendant Revely with the intention of purchasing the property prior to the termination of the lease, a written contract existed between Plaintiff and Defendant BANA. However, Plaintiff offers no evidence of privity of contract with Defendant BANA, or of written memorandum of offer and acceptance signed by Defendant BANA, as would be required by Michigan's statute of frauds. Mich. Comp. Laws Ann. § 566.108. Plaintiff contends that an oral contract for the property's sale existed because of Defendant BANA agents' alleged inducement of Plaintiff's offer. However, at the same time, Plaintiff admits that Defendant "BANA failed to even acknowledge Plaintiff's offer."

Therefore, Plaintiff has failed to show that a contract existed between the two parties, or that the terms of this alleged contract are "sufficiently certain" to allow for specific performance. *Lowes Home Ctrs.*, 147 Fed. Appx. at 524. As such, Defendant BANA's Motion to Dismiss [11] is granted as to the claim of specific performance.

7

*E. Collateral Attack*

Defendant BANA's Motion to Dismiss [11] then asserts that this action is an improper collateral attack on the Eviction Court's previous judgment, barred by the doctrines of res judicata and collateral estoppel.

However, because Defendant BANA's Motion to Dismiss [11] has been granted as to all of Plaintiff's claims based on the merits of these claims, the Court need not address this procedural matter here.

## V. Conclusion

For the reasons stated above, Defendant BANA's Motion to Dismiss [11] is granted as to all claims.

Therefore,

**IT IS HEREBY ORDERED** that Defendant BANA's Motion to Dismiss [11] is **GRANTED**.

**IT IS FURTHER ORDERED** that all matters having been resolved in this case, this **CASE IS CLOSED**.

**SO ORDERED**.

                                   s/Arthur J. Tarnow
                                   ARTHUR J. TARNOW
                                   SENIOR UNITED STATES DISTRICT JUDGE

DATED: February 18, 2014